UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DYSHON RAGLAND,

    Petitioner,

v.

BRUCE DAVIS et al.,

    Respondents.

Civ. No. 19-14136 (FLW)

**MEMORANDUM AND ORDER**

    Petitioner, Dyshon Ragland ("Petitioner"), a state prisoner currently incarcerated at New Jersey State Prison, in Trenton, New Jersey, seeks to bring a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 1. Currently pending before the Court is Petitioner's second motion for a stay. *See* ECF No. 8. For the reasons explained in this Memorandum and Order, the Court will deny the motion for a stay, reopen this matter, construe Petitioner's original habeas as his all-inclusive Petition, and direct Respondents to file their Answer.

    The Court previously administratively terminated the matter because Petitioner failed to include the $5.00 filing fee or an application to proceed *in forma pauperis*, as required by 28 U.S.C. §§ 1914(a), 1915(a), and Rule 2 of The Rules Governing § 2254 Cases. ECF No. 2. On October 4, 2019, Petitioner submitted a "motion to reopen," and on October 23, 2019, Plaintiff submitted the filing fee. Along with his Petition, Petitioner also filed a motion "motion to stay" this matter to exhaust state law claims that he has raised in a second PCR that is currently pending in the state court. *See* ECF No. 1, at 2-5. The Court granted the motion to reopen but denied the request for a stay without prejudice because Petitioner had not provided reasons why a stay was warranted under *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Court noted that the Petition appeared to assert four grounds for relief that were fully exhausted and the Petition did not appear to include any of

the Points asserted in Petitioner's second PCR, which appears to assert ineffective assistance of PCR counsel.[1] *See* ECF No. 1, at 9.

The Court provided Petitioner with 45 days in which to either 1) withdraw his Petition and submit an Amended Petition that includes all grounds for relief he seeks to raise in this Petition, as well as a new motion for a stay pursuant to *Rhines,* or 2) inform the Court that he elects to proceed on the Petition as filed. The Court also administratively terminated this action pending Petitioner's election.

Petitioner sought and received an extension of time within which to make his election. *See* ECF Nos. 6-7. On March 29, 2021, Petitioner filed a second motion for a stay. ECF No. 8. This time, however, Plaintiff seeks a stay because his legal materials were allegedly confiscated by the Special Investigations Division ("SID"), and he is purportedly unable to obtain assistance from prison paralegals or make his election until his legal materials are returned.

At this time, the Court will deny the request for a stay. It is not clear from Petitioner's motion papers why he needs the confiscated legal materials to make his election.[2] The Court will, however, require Respondents to provide the record for Petitioner's second PCR along with the Answer. If Petitioner has good cause to submit a motion to amend his Petition and/or a motion to stay, he may do so within 45 days of his receipt of Respondents' Answer.

Having denied the motion to stay and construed Petitioner's original petition as his all-inclusive Petition, the Court will reopen this matter. The Court has also screened the Petition ("Petition") for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases

---

[1] The habeas petition submitted by Petitioner contains the required notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). *See* ECF No. 1, Pet. at 21-22.

[2] If Plaintiff is asserting that his civil rights have been violated by the prison officials who confiscated his legal materials, he may not pursue that claim in this action and must instead file a new civil rights action, with either the filing fee or an application to proceed *in forma pauperis*.

in the United States District Courts and concluded that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief …."

**THEREFORE, IT IS**, on this 14th day of October 2021,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN; and it is further

**ORDERED** that the motion for a stay, ECF No. 8, is DENIED for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Court construes Petitioner's original Petition, ECF No. 1, as his all-inclusive Petition; and it is further

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

**ORDERED** that, where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion:  (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

**ORDERED** that, if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

**ORDERED** that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

**ORDERED** that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

**ORDERED** that if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b); and it is further

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law; and it is further

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** <u>that the Answer shall include the record for Petitioner's Second PCR, including the disposition, if available</u>; and it is further

**ORDERED** that Respondents shall electronically file the Answer, the exhibits, and the list of exhibits, and shall serve a copy of the Answer and exhibits on Plaintiff; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX"** or

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days, *see* Habeas Rule 5(e); it is further

**ORDERED** that if Plaintiff has good cause to file a motion to amend his Petition (and/or a motion to stay the Petition), he may do so within 45 days of receiving Respondents' Answer; and it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court is directed to send a copy of this Memorandum and Order to Petitioner at the address on file.

<u>s/Freda L. Wolfson</u>
FREDA L. WOLFSON
U.S. Chief District Judge